IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARTHA J. VALENTINE

VS.                                                    CIVIL ACTION NO. 3:08CV44-DAS

MICHAEL J. ASTRUE,
Commissioner of Social Security

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying the application of claimant Martha J.

Valentine for disability benefits under Title II.   In accordance with the provisions of 28 U.S.C.

§ 636©), both parties consented to have a United States Magistrate Judge conduct all

proceedings in this case, including an order for entry of a final judgment.  Therefore, the

undersigned has authority to issue this opinion and the accompanying final judgment.  Having

duly considered the respective positions of the parties, the court finds that the ALJ's decision

should be affirmed.

## I.  FACTUAL AND PROCEDURAL HISTORY

On November 6, 2006, the claimant filed an application for disability benefits under Title

II of the Social Security Act, alleging she became disabled on November 14, 2002.  The

application was denied, and on September 26, 2007, an administrative law judge ("ALJ") issued

a decision unfavorable to the claimant.  On February 12, 2008, the Appeals Council denied the

claimant's request for review, and thus, the ALJ's decision is now ripe for review under section

205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The claimant is currently receiving supplemental security income benefits under Title XVI of the Social Security Act, which provides for payment for every disabled person who lacks sufficient income and resources. Current Social Security records show the plaintiff was determined to be disabled as of November 14, 2002 based on affective mood disorder, and that she is currently in pay status. The ALJ denied the present claim for benefits provided under Title II, holding that "[e]ven when giving the claimant the most favorable treatment possible she did not even approach the quarters of coverage necessary to become insured for Title II benefits (20 CFR 404.130)."

## DISCUSSION

A claimant's work history is a prerequisite to a determination of eligibility for disability benefits. In order for a claimant to qualify for disability benefits under Title II , in addition to proving disability under the Act, a stage this claimant has already reached, she must have "insured status." *See* 20 C.F.R. § 404.130. For the claimant to have disability insured status, she must satisfy the 20/40 test. 20 C.F.R. § 404.130(b). The 20/40 test requires that the claimant have at least twenty quarters of coverage in a forty-quarter period ending with the quarter that she became disabled – November 2002. 20 C.F.R. § 404.130(b)(2). Consequently, the ALJ and this Court look back forty quarters or ten years from November 2002 to determine whether she earned enough money during twenty of those quarters to find her insured.

In the present case, it is undisputed that the claimant did not work in 1992; nor did she work from 1994 through 1999. In 1993, she earned $47.81. The claimant did earn $4,529.19 in 2000; $8,715.60 in 2001; $9,471.91 in 2002; and $5,186.43 in 2003. She did not work from 2004 through 2007. Between 1992 and 2002, it took between $570 and $870 in earnings to show

a quarter of coverage. Because the claimant earned $47.81 in 1993, this quarter does not qualify. Consequently, the ALJ and this Court look to her earnings from 2000 through 2003 during which the claimant's earnings qualified as sufficient in each of those quarters. However, the total quarters accumulated during this period totals only sixteen, and thus, the necessary twenty have not been reached.

During her testimony before the ALJ the claimant never disputed that she had only sixteen quarters of coverage. In documents now before the Court she does at least in part contend she has twenty-one quarters of coverage or perhaps twenty-nine, but her argument is unclear and apparently unsupported. (Brief in Reply at 3). Instead, it appears she is arguing simply that "Jo Anne B. Barnhart records I do have 21 quarters, & that's not including the 8 credits she & other assume I could accumulate for 2004 & 2005." *Id.* In other words, it appears she is now arguing that she did receive earnings during the years 2004 and 2005, a fact directly in contrast with her testimony before the ALJ and directly in contrast with any earnings records before the Court..[1] Certainly such an argument does not create a sustainable action, and because the claimant's undisputed earnings do not qualify the claimant as insured under Title II of the Social Security Act, the Court finds substantial evidence to support the ALJ's decision.

A final judgment consistent with this opinion will be entered.

THIS, the 14th day of November 2008.

/s/David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] While the claimant's pro se filings are largely indecipherable, the Court has looked closely to the transcript of the hearing held before the ALJ, and the claimant's testimony that she had only sixteen quarters of earnings is plainly evident. Tr. at 46-50.